IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

HARVEY WILLARD MERRIWEATHER,

    Petitioner,                            No. 2:08-cv-1977 JFM

    vs.

U.S. PAROLE COMMISSION,

    Respondent.                          ORDER

_____/

        The parties have consented to proceed before the undersigned for all purposes. See 28 U.S.C. § 636(c). Petitioner is a federal prisoner proceeding pro se with a petition for a writ of mandamus pursuant to 28 U.S.C. § 2241. Respondent has filed an answer and petitioner has filed a traverse.

        Petitioner is confined at Federal Correctional Institution at Herlong, California. He is serving a sentence of 120 months in the custody of the Federal Bureau of Prisons (hereinafter "BOP") for bank robbery, and has a Parole Commission parole violator warrant lodged as a detainer to be imposed when he completes his sentence.

        Petitioner contends the Parole Commission violated his due process rights because it did not conduct a parole hearing on the detainer within 120 days from his request for a hearing. Petitioner also seeks dismissal of the detainer so he can be released from custody upon completion of his 120 month sentence.

PROCEDURAL BACKGROUND

On November 29, 1965, petitioner was sentenced to 18 years for bank robbery. Resp't's Ex. A. On April 25, 1966, petitioner received an additional 8 months' consecutive sentence for escape and attempted escape. Id. On August 31, 1973, petitioner was paroled from the aggregate sentence. Resp't's Ex. B.

While petitioner was on parole, he was arrested on September 18, 1974, and was subsequently convicted of committing five bank robberies.[1] On May 1, 1975, a warrant was issued. The warrant was not executed but was retained as a detainer. In 1979, the initial sentence on the five bank robberies was set aside and he was subsequently sentenced to 20 years for the five bank robberies while being armed with a deadly weapon. Resp't's Ex. C.

In 1981, the Parole Commission revoked petitioner's parole on the original sentence and continued him to the mandatory release date on both the new sentence and the balance of the original sentence by continuing him to expiration.[2] Resp't's Ex. D. On January 27, 1984, petitioner was granted parole on the aggregate sentence. Resp't's Ex. E. Parole would terminate on September 17, 1994. Id.

However, while petitioner was on parole, he committed another bank robbery and was sentenced on January 21, 1985 to 30 years in prison. Resp't's Ex. F. The Parole Commission revoked petitioner's parole, and granted petitioner re-parole on September 30, 1994

/////

/////

/////

---

[1] Petitioner initially received a 30 year sentence, 10 years for possession in committing a felony with a weapon, and 20 years for the five bank robberies for a total aggregate sentence of 30 years. Resp't's Ex. C.

[2] Petitioner was eligible for parole on both the original sentence and the new sentence because the offenses were committed before November 1, 1987, the effective date of the Sentencing Reform Act, which abolished parole for federal sentences. See United States v. Rewald, 835 F.2d 215, 216 (9th Cir. 1988).

on the balance of the original sentence and the new sentence. Resp't's Ex. G. Petitioner's sentence was to expire on July 30, 2014.[3] Resp't's Ex. H.

On March 26, 1996, petitioner's parole was revoked based on petitioner's drug use and a theft charge. Resp't's Ex. I. On March 24, 1998, petitioner's presumptive parole date of April 20, 1997 was vacated and petitioner was ordered to serve an additional 36 months since his previous parole date. Resp't's Ex. K. On May 26, 1998, the Parole Commission voided the prior order stating "All time on parole shall be credited," and found that "None of the time on parole shall be credited." Resp't's Ex. J.

On July 20, 1998, petitioner was re-paroled to serve his 24 month state sentence for theft. Resp't's Ex. L. This parole period was to expire on October 18, 2015. Id.

On November 18, 2000, a warrant was issued based on petitioner's violation of parole conditions.[4] Resp't's Ex. M.

Petitioner was convicted of bank robbery and on April 3, 2001, was sentenced by the United States District Court for the District of Oregon to 120 months' imprisonment with a three year term of supervised release to follow. Resp't's Ex. O, Case No. 00-cr-0534.

On April 2, 2003, the Parole Commission advised petitioner that it would be conducting a review of its warrant which was lodged as a detainer while petitioner served his new sentence. Resp't's Ex. P (letter to Warden). The Parole Commission appended a form that petitioner could use to make a statement to be considered during the detainer review. Id. at 3. Petitioner was advised that he could have counsel appointed to assist in making his statement. Id. Petitioner sought the assistance of counsel and the court appointed the Federal Defender's Office in Fresno, California, to assist petitioner. Resp't's Ex. Q. No statement was received by the Commission. Resp't's Ex. R.

---

[3] The balance of petitioner's original 18 year and 8 month sentence and 20 year sentence would have been subsumed by the new 30 year sentence.

[4] Petitioner had been arrested for another bank robbery. Resp't's Ex. N.

In 2008, petitioner wrote the Commission concerning the detainer. Resp't's Ex. S. A second letter was sent to petitioner, again through the Warden, informing petitioner that a detainer review would be held and again providing a form for petitioner to submit a statement. Resp't's Ex. T. Petitioner was advised that his response was due by October 20, 2008. Id. at 2. No statement was received by the Commission. The Commission began its review and, on December 5, 2008, issued the decision to let the detainer stand until petitioner completed the 120 month sentence, at which time the warrant will be executed and a revocation hearing will be scheduled. Resp't's Ex. U.

On August 22, 2008, petitioner filed the instant action.

## ANALYSIS

Habeas relief extends to a person in custody under the authority of the United States. 28 U.S.C. § 2241. Such relief is available if a federal prisoner can show he is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). While a federal prisoner who wishes to challenge the validity or constitutionality of his conviction must bring a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2255, a petitioner challenging the manner, location, or conditions of that sentence's execution must bring a petition for writ of habeas corpus under 28 U.S.C. § 2241. See, e.g., Kingsley v. Bureau of Prisons, 937 F.2d 26, 30 n.5 (2nd Cir.1991); Brown v. United States, 610 F.2d 672, 677 (9th Cir.1980). To receive relief under 28 U.S.C. § 2241 a petitioner in federal custody must show that his sentence is being executed in an illegal, but not necessarily unconstitutional, manner. See e.g. Clark v. Floyd, 80 F.3d 371, 372, 374 (9th Cir.1995) (contending time spent in state custody should be credited toward federal custody); Tucker v. Carlson, 925 F.2d 330, 331 (9th Cir. 1991); Brown, 610 F.2d at 677 (challenging content of inaccurate pre-sentence report used to deny parole). A petitioner filing a petition for writ of habeas corpus under 28 U.S.C. § 2241 must file the petition in the judicial district of the petitioner's custodian. Brown, 610 F.2d at 677.

/////

At the time the instant petition was filed, petitioner was confined in Herlong, California, which is located within the jurisdiction of this court. 28 U.S.C. § 2254(a); 2241(d).

Because petitioner was also on parole when he committed the offenses, the Parole Commission is authorized by law to determine whether the parole violation term shall run concurrently with, or consecutively to, the new sentence.[5] See 18 U.S.C. § 4210(b)(2) (1976). The Parole Commission determines the date of the execution of the warrant as the beginning date to serve the remaining balance of the original sentence. See Smith v. U.S. Parole Comm'n, 875 F.2d 1361, 1364 (9th Cir.1989) (Parole Commission has the sole authority to decide when to execute its warrant and "the federal government has not duty to take anyone into custody").

In the instant case, the Parole Commission determined that the execution date of its warrant would be upon petitioner's release from the new federal sentence. Such determination was permissible, because when a parolee or mandatory releasee has received a new sentence while on parole or mandatory release, the Parole Commission's violator warrant need not be executed until the intervening sentence has been served. See Moody v. Daggett, 429 U.S. 78, 86-89, 97 S.Ct. 274 (1976); Hopper v. U.S. Parole Comm'n, 702 F.2d 842, 848 (9th Cir.1983); Lepera v. United States, 587 F.2d 433, 435 n.1 (9th Cir.1978); Vladovic v. Parker, 455 F.2d 495, 496 (9th Cir.1972). In fact, it has been determined that a parolee who has been sentenced for an offense committed while on parole is not entitled to have the balance of the first sentence run concurrently with the new sentence. See Smith, 875 F.2d at 1365; Tanner v. Moseley, 441 F.2d 122,123 (8th Cir.1971) (Parole Board had the authority to require the unexpired sentence to be served consecutive to the new sentence, despite court order to run new sentence concurrently with unexpired original sentence).

/////

---

[5] Even when petitioner was on mandatory release, he was under all the requirements that pertain to a parolee. Pursuant to 18 U.S.C. § 4164, prisoners who are mandatorily released under § 4163 are required to complete their sentences "as if released on parole." 18 U.S.C. § 4164.

Moreover, the issuance of a Parole Commission warrant tolls the running of petitioner's federal sentence until he is apprehended on that warrant. 28 C.F.R. § 2.49(d); Schiffman v. Wilkinson, 216 F.2d 589 (9th Cir.1954). The Commission's sentence does not begin to run again until its warrant is executed. Moody v. Daggett, 429 U.S. at 84. When parole is revoked, the prisoner does not receive credit for any time in custody prior to the execution of the warrant. See Zerbst v. Kidwell, 304 U.S. 359, 361, 58 S.Ct. 872 (1938) ("service on the second sentence cannot be credited towards the first without doing violence to the plain intent and purpose of the statutes providing for a parole system."); Hopper v. U.S. Parole Comm'n, 702 F.2d at 845; Vladovic v. Parker, 455 F.2d at 496. Although a prisoner is entitled to time spent in state custody pursuant to 28 C.F.R. § 2.21(c), the Parole Commission is not required to give credit for the balance of the original sentence.

Therefore, at the time petitioner committed his new crime in 2001, he simultaneously offended the laws of the State of California and the old federal probation law (18 U.S.C. § 3651). Each separate authority had the independent power to impose a separate sentence for each violation. At the time the Parole Commission rendered its decision, both the State of California and the United States District Court had imposed its sentences, and it is within the Parole Commission's discretion to require petitioner to serve the balance of his original sentence consecutively to the prior periods of imprisonment. See 18 U.S.C. § 4210(b)(2); see also Smith, 875 F.2d at 1364. Thus, petitioner's request to have the detainer dismissed or to run the time concurrently with the new sentence must be denied.

As for the due process violation, petitioner's claim is barred under Moody. "Moody established that a federal parolee, imprisoned for a crime committed while on parole, is not constitutionally entitled to a prompt parole revocation hearing when a parole violation warrant is issued and lodged with the institution of his confinement, but not served on him." U.S. ex rel. Hahn v. Revis, 560 F.2d 264 (7th Cir. 1977), referring to Moody v. Daggett, 429 U.S. at 89. Here, the Parole Commission issued a parole violation warrant based on petitioner's

new criminal offense committed while he was on parole. That warrant enabled the Parole Commission to retain jurisdiction over petitioner pursuant to 28 C.F.R. § 2.44(d):

> (d) The issuance of a warrant under this section operates to bar the expiration of the parolee's sentence. Such warrant maintains the Commission's jurisdiction to retake the parolee either before or after the normal expiration date of the sentence and to reach a final decision as to revocation of parole and forfeiture of time pursuant to § 2.52(c).

28 C.F.R. § 2.44(d). Because petitioner was convicted of a criminal offense committed while he was on parole and was serving a new prison sentence, the Parole Commission was authorized to place the warrant against him as a detainer. 28 C.F.R. 2.44(b)("In the case of any parolee charged with a criminal offense and awaiting disposition of the charge, issuance of a summons or warrant may be withheld, a warrant may be issued and held in abeyance, or a warrant may be issued and a detainer may be placed.") See also 18 U.S.C. § 4214(b)(1).[6]

Petitioner's reliance on 28 C.F.R. § 2.47 is unavailing. Section 2.47 provides, in pertinent part:

> (a) When a parolee is serving a new sentence in a federal, state or local institution, a parole violation warrant may be placed against him as a detainer.
>
> (1) If the prisoner is serving a new sentence in a federal institution, a revocation hearing shall be scheduled within 120 days of notification of placement of the detainer, or as soon thereafter as practicable, provided the prisoner is eligible for and has applied for an initial hearing on the new sentence, or is serving a new sentence of one year or less. In any other case, the detainer shall be reviewed on the record pursuant to paragraph (a)(2) of this section.

28 C.F.R. § 2.47(a)(1). Because petitioner was serving a new sentence when the warrant was placed as a detainer, he was only entitled to a hearing within 120 days if he was (a) eligible for

---

[6] As noted by respondent, although the Parole Commission Reorganization Act *18 U.S.C. §§ 4201-4218) was repealed by the Sentencing Reform Act of 1984, it continues to apply to prisoners and parolees, like petitioner, whose offenses were committed before November 1, 1987 (the effective date of the Sentencing Reform Act). See introductory notes to 18 U.S.C. § 4201.

7

parole, or (b) was serving a new sentence of one year or less.  Petitioner was not eligible for parole on his new sentence and he was serving a sentence of more than one year.  Thus, petitioner was only entitled to a dispositional record review pursuant to 28 C.F.R. § 2.47(a)(2).

Respondent concedes that the dispositional record review was delayed. (Answer at 7.)  See 18 U.S.C. § 4214(b)(1).  However, petitioner is not entitled to a writ of habeas corpus, even on due process grounds, based on the delay here.  See Moody v. Daggett, 429 U.S. at 87, 89.[7]

"[T]o justify habeas corpus relief because of delay in the conduct of the dispositional review of a parole detainer, the petitioner should show that he was prejudiced by the delay."  Poyner v. United States Parole Comm'n, 878 F.2d 275, 276 (9th Cir. 1989).  Moreover, the appropriate remedy for delay of the dispositional record review, absent prejudice or bad faith, is a writ of mandamus to compel the Parole Commission to comply with the statute.  Carlton v. Keohane, 691 F.2d 992, 993 (11th Cir.1982); see also Vargas v. United States Parole Comm'n, 865 F.2d 191, 193-94 (9th Cir.1988).  Once a dispositional review is granted, the claim is moot.  See Anderson v. United States, 898 F.2d 751 (9th Cir. 1990).

Here, the Parole Commission performed a dispositional review on December 5, 2008.  Respondent has provided evidence supporting its efforts to obtain a statement from petitioner.  Although petitioner contends his appointed attorney failed to contact him and that he did not receive word of the second request from the Warden, neither of those incidents demonstrate bad faith on the part of respondent.  Moreover, petitioner has not demonstrated that he was prejudiced by the delay in conducting the dispositional record review.  Poyner, 878 F.2d

/////

---

[7] Ten-year delay between the issuance and execution of the parole violation warrant was constitutionally acceptable because a parolee is not constitutionally entitled to a revocation hearing immediately upon the issuance of such a warrant, and a revocation hearing need only be tendered promptly after the violation warrant is executed, because a parolee does not suffer a loss of liberty as a parole violator until he is taken into custody under the violation warrant.  Id.

at 277. Because the Parole Commission has since conducted a dispositional record review, no relief is available to petitioner, rendering this claim moot.

Finally, petitioner contends that the detainer is affecting his placement in a halfway house and early release. This claim also fails under <u>Moody</u>:

> We have rejected the notion that every state action carrying adverse consequences for prison inmates automatically activates a due process right. In <u>Meachum v. Fano</u>, 427 U.S. 215, 96 S.Ct. 2532, 49 L.Ed.2d 451 (1976), for example, no due process protections were required upon the discretionary transfer of state prisoners to a substantially less agreeable prison, even where that transfer visited a "grievous loss" upon the inmate. The same is true of prisoner classification and eligibility for rehabilitative programs in the federal system. Congress has given federal prison officials full discretion to control these conditions of confinement, 18 U.S.C. § 4081, and petitioner has no legitimate statutory or constitutional entitlement sufficient to invoke due process.

<u>Moody</u>, 429 U.S. at 88 n.9.

Accordingly, IT IS HEREBY ORDERED that the petition for writ of mandamus is denied.

DATED: June 15, 2009.

_____
UNITED STATES MAGISTRATE JUDGE

001; merri1977.157